THIBODEAUX, Judge.
This is an appeal of a judgment denying plaintiff, Antoine Charles’, claim for workers’ compensation benefits. Defendants in the claim were The Travelers Insurance Company and R.E. Heidt Construction Company.
The hearing officer for the Office of Workers’ Compensation ruled that the stroke Charles suffered while an employee of R.E. Heidt was governed by LSA-R.S. 23:1021(7)(e). He also ruled that Charles failed to meet the burden of proof required by the statute and was not entitled to compensation benefits, penalties or attorney’s fees.
For the following reasons, we affirm.
FACTS
On the morning of June 25, 1990, fifty-five year old Antoine Charles, an employee of R.E. Heidt Construction Company, arrived on the job site to spread asphalt for the purpose of building a parking lot. During mid-morning, he began to experience headaches and his speech became slurred. His son stopped by around 10:30 a.m. to visit and, upon seeing his father’s condition, suggested he see a doctor. Charles declined and continued working until the end of the work day.'
When he arrived home that evening, his wife noticed he looked ill and insisted he go to the hospital. He was taken to the Lake Charles Memorial Hospital and admitted under the care of Dr. Paul Comeaux. Upon admission, it was noted that his blood pressure was extremely high. A diagnosis was made of acute hypertensive encephalopathy, which is a swelling and irritation of the brain due to hypertension. He was not diagnosed as having suffered a stroke at that time.
While at the hospital, his condition worsened. The stroke did not reach completion until a few days after the initial admission date. He was released on July 8, 1990, with the diagnosis of completed cerebrovas-cular accident secondary to hypertension. Essentially, this means he suffered a stroke as a result of severe hypertension.
The stroke left Charles with some paralysis of his right side and has impaired his speech and hearing. He never went back to'work; instead, he made a claim for benefits from his employer. Travelers, R.E. Heidt’s insurer, denied his request on the basis it was not compensable under LSA-R.S. 23:1021(7)(e).
Charles filed a claim with the Office of Workers’ Compensation. The claim was tried on August 13, 1991, and the hearing officer issued a judgment with reasons on September 6, 1991. The hearing officer ruled in favor of defendants because he found the stroke suffered by Charles came under the authority of LSA-R.S. 23:1021(7)(e), which required proof by clear and convincing evidence that his stroke was caused primarily by atypical work stress. He further ruled that Charles failed to meet this burden of proof and, consequently, denied his claim. He also denied the request for penalties and attorney’s fees because he found defendants had a legitimate reason to deny payment of compensation.
*22 Charles asserts the hearing officer erred in ruling that LSA-R.S. 23:1021(7)(e) controls strokes and not LSA-R.S. 23:1031(A). He further asserts error in the hearing officer’s failure to award penalties and attorney’s fees to Charles.
ISSUES
There are two issues for our consideration. The first is divisible into two parts: whether or not LSA-R.S. 23:1021(7)(e) is applicable to cerebrovascular accidents occurring within the course and scope of employment; and, if so, whether or not Charles met the statute’s burden of proof. The second issue is whether it was arbitrary and capricious for defendants to deny Charles’ compensation claim.
LAW & ANALYSIS
A. Applicability of the Statute
LSA-R.S. 23:1021(7)(e) states:
(e) Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
The hearing officer believed a stroke, or a cerebrovascular accident, came under the term “perivascular injury” and, as a result, the foregoing statute applied. However, Charles argues it is not included in the statute and comes under the control of LSA-R.S. 23:1031(A) which provides the following:
A. If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.
According to Schmidt’s Attorney’s Dictionary of Medicine (1986), “perivascular” is defined as “surrounding a blood vessel (artery or vein).” It defines “cerebrovascu-lar” as “pertaining to the blood vessels of the cerebrum (brain).” Lastly, it defines “cerebrovascular accident” as “the breaking of a blood vessel within the brain; cerebral hemorrhage; apoplexy; stroke.”
Obviously, “perivascular” is a broad definition. La.Civ.C. art. 11 demands we give the word its generally prevailing meaning. In doing so, we find it difficult still to ascertain exactly what is intended by its use in the statute. According to La.Civ.C. art. 12, when a word in a statute is ambiguous, we must examine the context in which it occurs and the text of the law as a whole.
Until 23:1021 became effective on January 1, 1990, jurisprudence provided for employment related incidents of heart attack and stroke. In fact, the two were treated similarly for workers’ compensation purposes. Guidry v. Sline Industrial, 418 So.2d 626 (La.1982) asserted the standard for proving by a preponderance of the evidence an employment-related heart attack. The case of Reid v. Gamb, 509 So.2d 995 (La.1987) utilized the Guidry standard in determining whether a stroke was employment-caused. There are numerous other examples which point to an intent by the courts to treat instances of heart attack and stroke alike.
Furthermore, there is the word “perivas-cular.” We are not to give it a meaning which would render it absurd or useless. As the term “heart-related” would seem to cover all facets of heart disease, there must be some injury occurring in or around the vascular system which “perivascular” is intended to represent. A stroke is an injury of the blood vessels in the brain. While it is not obvious that it was intended *23 to be a part of the statute, it is a logical conclusion in light of the meaning of the words and the jurisprudential tendency to group heart attack and strokes together.
Because we find a stroke is contemplated by LSA-R.S. 23:1021(7)(e), we now turn to whether or not Charles met his burden of proof. The deposition of Dr. Comeaux, Charles’ treating physician, indicates Charles’ history of hypertension and the extent to which it contributed to the stroke. It is the opinion of Dr. Comeaux that the stroke was caused by hypertension. He did state that the stress of the work done by Charles could have worsened or even precipitated the hypertensive condition, but the ultimate cause was the hypertension itself. Furthermore, by Charles’ own admission, the work he was doing on the day of the accident was no different from any other day, and no different from that done by other employees. The work stress was not unusual nor the primary cause of his stroke. Consequently, Charles failed to meet his burden of proof. We find no error in this ruling of the hearing officer.
CONCLUSION
For the foregoing reasons, the judgment of the hearing officer, denying Antoine Charles’ claims for workers’ compensation is affirmed. Costs are charged to appellant.
AFFIRMED.